MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

CARMINE R. ZARLENGA
(*pro hac vice* application forthcoming)
*czarlenga@mayerbrown.com*
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

A. JOHN P. MANCINI
(*pro hac vice* application forthcoming)
*jmancini@mayerbrown.com*
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2295
Facsimile: (212) 849-5895

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCANLON, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS INTERNATIONAL, LTD. and TECHNICOLOR SA d/b/a TECHNICOLOR USA, INC.,<br><br>Defendants. | Case No. 1:19-at-00499<br><br>**NOTICE OF REMOVAL BY DEFENDANTS CURTIS INTERNATIONAL, LTD. AND TECHNICOLOR SA**<br><br>**(From Superior Court of California, County of Merced, Case No. 19CV-01882)** |

**TO THE CLERK AND TO PLAINTIFF AND HIS ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendants Technicolor SA ("Technicolor") and Curtis International, Ltd. ("Curtis"), through their undersigned counsel, hereby remove this action from the Superior Court of the State of California for the County of Merced to the United States District Court for the Eastern District of California, Fresno Division. This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. The grounds for removal are as follows:

## I. STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, *et seq*., as amended by the Class Action Fairness Act of 2005 ("CAFA"), *see* 28 U.S.C. § 1332(d), and is one that may be removed to this Court, pursuant to 28 U.S.C. § 1441 and for the reasons below.

## II. THE REMOVED ACTION

2. On May 3, 2019, Plaintiff Roman Scanlon, acting on his own behalf and purportedly on behalf of others similarly situated, filed *Scanlon v. Curtis International, Ltd. and Technicolor SA d/b/a Technicolor USA, Inc.*, No. 19CV-01882, in the Superior Court of California, County of Merced, a court located within this District.

3. Defendants Curtis and Technicolor were served pursuant to California Civil Procedure § 415.30 on June 10, 2019. *See* Declaration of John Nadolenco ("Nadolenco Decl.") at ¶ 3 & Exhibit 7.

4. In accordance with 28 U.S.C. § 1446(a), true and accurate copies of the following papers served upon Defendants are being submitted to this Court with this Notice of Removal:

- The Summons (Nadolenco Decl., Exhibit 2);
- Plaintiff's Class Action Complaint (Nadolenco Decl., Exhibit 3 ("Compl."));

- The state court Civil Cover Sheet (Nadolenco Decl., Exhibit 4); and
- The unexecuted Notice and Acknowledgement of Receipt dated May 21, 2019 (Nadolenco Decl., Exhibit 5).

5. None of the Defendants in this action answered Plaintiff's Complaint in Merced County Superior Court before removal. Nor are Defendants aware of any further proceedings or filings regarding this action in that court. Nadolenco Decl. at ¶ 4.

6. With this notice of removal, Defendants have submitted a copy of all process, pleadings, and orders served upon Defendants. *See* Nadolenco Decl. at ¶ 5; 28 U.S.C. § 1446(a).

7. Plaintiff alleges that he purchased RCA-brand home-theater projectors, manufactured and distributed by Defendant Curtis under a license from Defendant Technicolor. Compl. ¶¶ 27-28, 43-52. Plaintiff contends that the projectors' packaging contained false representations regarding the projectors' "lumens" output, a measure of light intensity (or, generally speaking, brightness). *Id.* at ¶¶ 29-42. Plaintiff claims he suffered out-of-pocket losses of "at a minimum, the difference in price between a projector capable of achieving the advertised brightness, and projectors that are not capable of doing so." *Id.* at ¶ 51, *see also id.* at ¶ 76 (seeking class damages of "the difference between the price consumers paid for the RCA Projectors and the price they would have paid but for Defendants' misrepresentations.").

8. Plaintiff seeks to represent the following putative class:

"[A]ll persons, natural or otherwise, who, while residing in California, purchased an RCA Projector."

Compl. ¶ 53.

9. On behalf of himself and the putative class, Plaintiff asserts six causes of action against Defendants: (a), fraud, deceit and/or misrepresentation; (b) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et*

*seq.*; (c) false advertising in violation of Cal. Business and Professions Code § 17500, *et seq.*; (d) negligent misrepresentation; (e) unjust enrichment; and, (f) unfair, unlawful and/or deceptive trade practices in violation of California Business and Professions Code § 17200, *et seq*.

10. Plaintiff seeks compensatory and punitive damages, restitution, interest, and attorneys' fees and costs. Compl. ¶¶ 87, 88, 96, Prayer §§ A-E.

**III. VENUE**

11. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

**IV. THE REMOVAL IS TIMELY**

12. The removal is timely under 28 U.S.C. § 1446(b).

13. Plaintiff filed his Complaint on May 3, 2019. *See* Compl. at 1. Service on Curtis and Technicolor was completed on June 10, 2019. *See* Nadolenco Decl. at ¶ 3.

14. Defendants filed this Notice of Removal within thirty (30) days of service, as required by law. *See*, *e.g.*, *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Thomas v. Facebook, Inc.*, No. 18-cv-00856, 2018 WL 3915585, at *3 (E.D. Cal. Aug. 15, 2018).

**V. NOTICE TO ADVERSE PARTY AND STATE COURT**

15. At the same time as the filing of this Notice, Defendants are serving written notice of the removal of this case on Plaintiff's counsel identified below. See 28 U.S.C. § 1446(d).

> Adam J. Gutride
> Seth A. Safier
> Todd Kennedy
> Gutride Safier LLP
> 100 Pine Street, Suite 1250
> San Francisco, CA 94111

16. Defendants will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Merced. *Id*.

## VI. THIS COURT HAS JURISDICTION UNDER CAFA

17. CAFA confers federal jurisdiction over class actions involving: (a) minimal diversity (*i.e.*, diversity between any defendant and any putative class member); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d). Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional requirements are met, the party opposing jurisdiction under CAFA bears the burden of demonstrating that any exception to CAFA jurisdiction applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). This case satisfies CAFA's requirements.

18. The State Action is a putative civil class action, expressly filed "pursuant to section 382 of the California Code of Civil Procedure." Compl. ¶ 53.

### A. The Parties Are Minimally Diverse

19. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Here, there is sufficient (indeed, complete) diversity of citizenship between the relevant parties in this case.

20. Plaintiff alleges that he "is a resident of California" and "currently resides in Merced, CA." Compl. ¶ 9. He seeks to represent a class of "all persons, natural or otherwise, who, while residing in California, purchased an RCA Projector" *Id*. at ¶ 53. Accordingly, Plaintiff is a California citizen who purports to represent a putative class "well in excess of 1,000" other citizens and residents of California. *Id*. at ¶ 55.

21. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where

4

the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id*. at 81 (internal quotation marks omitted). This "should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

22. Both at the time of the filing of the Complaint and this notice of removal, Technicolor SA was and is a French company with its principal place of business in Paris, France. *See* Compl. ¶ 11. Accordingly, Technicolor is not a citizen of California.

23. Both at the time of the filing of the Complaint and this notice of removal, Curtis International Ltd. was and is a Canadian company with its principal place of business in Mississauga, Ontario, Canada. Compl. ¶ 10. Accordingly, Curtis is not a citizen of California.

24. Because Plaintiff is a citizen of California, Curtis is a citizen of Canada, and Technicolor is a citizen of France, the parties are minimally diverse.

### B. Plaintiff's Proposed Class Exceeds 100 Members

25. For purposes of removal, the Court looks to a plaintiff's allegations respecting class size. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013).

26. Plaintiff purports to bring a claim on behalf of "all persons, natural or otherwise, who, while residing in California, purchased an RCA Projector." Compl. ¶ 53. Plaintiff asserts that "[t]he precise number of members in the [proposed] Class is not yet known to Plaintiff, but it is well in excess of 1,000 people." *Id*. at ¶ 55. Thus, as pled, Plaintiff's proposed class well exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

//
//
//

5
NOTICE OF REMOVAL; CASE NO. 1:19-at-00499

### C. The Aggregate Amount In Controversy Exceeds Five Million Dollars

27. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "[T]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

28. To determine the amount in controversy, the Court must assume that the allegations in the operative pleading are true and that a jury will return a verdict for the Plaintiff on all such claims. *See Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.") (emphasis and internal quotation marks omitted).

29. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 551 (2014). Defendants' notice of removal "need not contain evidentiary submissions," but instead "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 551, 554.

30. Further, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Rhoades v. Progressive Cas. Ins. Co.*, 410 F. App'x 10, 11 (9th Cir. 2010). Here, if all the allegations in the Complaint are

accepted as true and state a viable claim (which, to be clear, Defendants dispute), it is clear that the amount in controversy exceeds $5 million, exclusive of interest and costs.[1]

31. Among other claims, Plaintiff brings a claim for restitution under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, which provides for a four year statute of limitations. Compl. ¶ 117 and Prayer § E; Cal. Bus. & Prof. Code § 17208.

32. The UCL permits a court to award a prevailing plaintiff restitution, "including disgorgement of all money . . . obtained" by means of an unfair business practice. *Kraus v. Trinity Mgmt. Servs. Inc.*, 23 Cal. 4th 116, 129 (2000).

33. Thus, pursuant to Plaintiff's allegations, the estimated amount in controversy with respect to Plaintiff's restitution claims can be determined by aggregating the total revenue derived from the sales of RCA projectors in California over the previous four years. In that time period, Defendants' sales of RCA projectors to California residents or to retailers who sell to California residents exceeds $5,000,000.

34. This number does not even take into account the additional mark-up added by retailers of the products, as is necessary to calculate Plaintiff's requested restitution of the revenue from the sale of RCA projectors from retailers, as well. Thus, the aggregate "amount in controversy" for Plaintiff's restitution claims well exceeds the threshold established by 28 U.S.C. § 1332(d).

35. In addition to Plaintiff's claim for restitution, the Complaint seeks punitive damages with respect to his fraud claim. Prayer § A. Defendants dispute that such relief is appropriate or can be proved, but those potential damages are part of the amount in controversy, as California law authorizes punitive damages

---

[1] Plaintiff alleges that Defendants are jointly liable, a claim that Defendants deny but that is accepted as true for purposes of removal. (*See* Compl. ¶ 13.)

7

NOTICE OF REMOVAL; CASE NO. 1:19-at-00499

for fraud. See Cal. Civ. Code § 3294; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

36. Furthermore, Plaintiff seeks an award of attorneys' fees pursuant to California Civil Code § 1780(d). See Compl. ¶ 88. Since the amount in controversy may include attorneys' fees if recoverable by statute, they may be considered here in determining whether the requisite amount has been met. See *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1199 (N.D. Cal. 1998).

## VII. RESERVATION OF RIGHTS AND REQUEST FOR ADDITIONAL BRIEFING IF NECESSARY

37. By removing this matter, Defendants do not waive any rights they may have. To the contrary, Defendants expressly preserve all rights and objections including, without limitation, all available arguments and affirmative defenses permitted pursuant to Rule 12 of the Federal Rules of Civil Procedure. Defendants do not waive any personal jurisdiction defense, nor do they concede that class certification is appropriate or that Plaintiff is entitled to any recovery whatsoever. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

38. In the event that Plaintiff files a request to remand, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit additional argument and/or evidence in support of removal.

## VIII. CONCLUSION

39. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

40. Defendants hereby remove the above-captioned action from the Superior Court of California, County of Merced, to the United States District Court for the Eastern District of California.

| | |
|---|---|
| Dated: July 9, 2019 | MAYER BROWN LLP<br>A. John P. Mancini<br>Carmine R. Zarlenga<br>John Nadolenco<br><br>by: _/s/John Nadolenco_<br>     John Nadolenco<br><br>MAYER BROWN LLP<br>JOHN NADOLENCO (SBN 181128)<br>*jnadolenco@mayerbrown.com*<br>350 South Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-1503<br>Telephone:  (213) 229-9500<br>Facsimile:   (213) 625-0248<br><br>CARMINE R. ZARLENGA<br>(*pro hac vice* application forthcoming)<br>*czarlenga@mayerbrown.com*<br>1999 K Street, N.W.<br>Washington, D.C. 20006-1101<br>Telephone: (202) 263-3000<br>Facsimile: (202) 263-3300<br><br>A. JOHN P. MANCINI<br>(*pro hac vice* application forthcoming)<br>*jmancini@mayerbrown.com*<br>1221 Avenue of the Americas<br>New York, NY  10020-1001<br>Telephone:  (212) 506-2295<br>Facsimile:   (212) 849-5895<br><br>Attorneys for Defendants |