UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCANLON, on behalf of himself, the general public, and those similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>CURTIS INTERNATIONAL, LTD.,<br><br>  Defendant. | No. 1:19-cv-00937-NONE-SKO<br><br>ORDER RE: PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 44) |

This matter is before the Court on Plaintiff Roman Scanlon's motion to compel, filed June 18, 2020 ("Motion to Compel"). (Doc. 44.) Plaintiff and Defendant Curtis International, Ltd. ("Curtis") filed their "Joint Statement" directed to the Motion to Compel, as required by this Court's Local Rule 251, on July 15, 2020. (Doc. 47.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for July 22, 2020, was therefore vacated. (Doc. 48.)

Having considered the parties' briefing, and for the reasons set forth below, the Motion to Compel will be granted in part, subject to the limitations set forth below.

**I.   BACKGROUND**

Plaintiff Roman Scanlon initiated this action by filing a class action complaint on May 3, 2019, against Defendants Curtis and Technicolor SA in the Merced County Superior Court. (Doc. 1-4.) Based upon his allegation that Defendants misrepresented to him and others similarly

1

situated that they were purchasing digital home theater projectors with specific brightness ratings, Plaintiff asserts causes of action for: 1) fraud, deceit, and/or misrepresentation; 2) breach of contract[1]; 3) violation of California's Consumer Legal Remedies Act, California Civil Code § 1750, et seq.; 4) violation of California's False Advertising Law, California Business & Professions Code § 17500, et seq.; 5) negligent misrepresentation; 6) unjust enrichment[2]; and 7) unfair, unlawful, and/or deceptive trade practices, California Business & Professions Code § 17200, *et seq*. (Doc. 1-4 at 2.) Plaintiff seeks on behalf of himself and others similarly situated compensatory damages, punitive damages, restitution, injunctive relief, and declaratory relief. (*Id*. at 28–30.) Defendants timely removed the case to this federal court on July 9, 2019, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Doc. 1 at 2.)

In the operative complaint, Plaintiff alleges the following: Defendant Curtis manufactures and distributes consumer electronics, which defendant Curtis sells under the "RCA" trademark through a licensing agreement with Technicolor SA.[3] (Doc. 1-4 ¶ 27.) Curtis has marketed and sold projectors that purportedly have a brightness of 2,000 lumens[4] or more. (*Id*. ¶ 29.) Curtis induced Plaintiff and others similarly situated to purchase RCA-brand home-theater projector models (i) RPJ116; (ii) RPJ129; and (iii) RPJ136 (collectively, the "Accused Products") by misrepresenting the projectors' lumens ratings as higher than their actual lumens output. (*Id*. ¶¶ 2, 5, 6, 35–36.) According to Plaintiff: "Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by [Curtis], he would have acted differently by, without limitation, not purchasing (or paying less for) the [Accused Products]." (*Id*. ¶ 73.) Plaintiff seeks to assert claims on behalf of a proposed class defined as "[a]ll persons, natural or otherwise, who, while residing in California, purchased an [Accused Product]." (*Id*. ¶ 53.)

Plaintiff moves to compel Curtis to amend its discovery responses and to produce

---

[1] The caption page of Plaintiff's complaint includes a breach of contract claim. (Doc. 1-4 at 2.) However, the body of the complaint contains no allegations in support of a breach of contract claim. (*See generally* Doc. No. 1-4.)

[2] Plaintiff has previously voluntarily dismissed his unjust enrichment claim. (*See* Docs. 19–21.)

[3] On October 10, 2019, Defendant Technicolor SA filed a motion to dismiss on the grounds that this Court lacked personal jurisdiction over it. (*See* Doc. 18.) The Court granted the motion with leave to amend. (*See* Doc. 41.) On June 23, 2020, Plaintiff filed a notice indicating he would not be amending his complaint (Doc. 45), and Defendant Technicolor SA was dismissed on June 25, 2020 (Doc. 46).

[4] "Lumens" is a measure of brightness or "light intensity." (*See generally* Doc. 1-4; Doc. No. 47 at 2, 5.)

documents and information responsive to its first set of discovery requests, comprised of requests for production and specially prepared interrogatories to which Curtis has responded with only objections. (Doc. 44; Doc. 47 at 2–3; Doc. 47-4; Doc. 47-5; Doc. 47-7; Doc. 47-8.)

Curtis responds that it will serve amended responses and begin its document production upon the resolution of only two issues. (Doc. 47 at 4 ("While Plaintiff characterizes its Motion to Compel as concerning a large-scale discovery dispute, in reality, there are only two issues left for the Court to resolve.").) The first is that, according to Curtis, the phrase "output luminance" as used in Plaintiff's discovery requests is "vague and ambiguous such that Curtis cannot reasonably determine Plaintiff's intended meaning of that phrase." (Doc. 47 at 8; Doc. 47; Doc. 47-4 at 22, 25, 28.) The second issue is Curtis's position that Plaintiff's defined terms "PRODUCT," "CUSTOMER," and "YOU" are "overly broad and disproportionate to any alleged need that Plaintiff could demonstrate in this lawsuit" because they are not limited to California, the "geographic scope of this lawsuit." (*Id*. at 11, 13, 14; Doc. 47-4 at 4, 5, 6, 41, 42, 43, 44, 45; Doc. 47-5 at 4, 6, 7.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) permits "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be relevant, the information sought "need not be admissible in evidence"; however, it must be "proportional to the needs of the case." *Id*. In determining the needs of the case, the court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (quoting *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Where, as here, the discovery is sought prior to class certification, "[w]hether or not discovery will be permitted . . . lies within the sound discretion of the trial court." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209 (9th Cir. 1975). *See also Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)).

### III.    DISCUSSION

**A.    "Output Luminance"**

According to Curtis, despite numerous requests, Plaintiff is "unwilling and unable" to define "output luminance" as the phrase is used in his discovery requests, and in so doing fails to comply with his requirement pursuant to Fed. R. Civ. P. 34(b)(1) to describe documents to be produced with "reasonable particularity." (Doc. 47 at 4, 34–35.) Curtis has previously proposed that the phrase be defined in accordance with the ANSI[5] standards, which Plaintiff rejected as an "impermissibly narrow definition of the term." (*Id.* at 22.) Curtis asserts that "Plaintiff's steadfast refusal, inability, and unwillingness to define what it means by 'output luminance' leaves [it] in the dark," such that it is unable to respond to discovery requests containing that phrase. (*Id.* at 35.)

Plaintiff previously suggested that Curtis "Google" the phrase, from which the 13,200 results would give Curtis a "good idea of what it means." (Doc. 47 at 18.) In the parties' Joint Statement, however, Plaintiff is more specific: he states that "a good starting point" for the definition of "output luminance" is the Wikipedia entry for "luminance," which defines the term as "a photometric measure of the luminous intensity per unit area of light travelling in a given direction," noting that this definition is "the kind of breadth of discovery that Plaintiff is entitled to seek." (Doc. 47 at 3. *See id.* at 22, 33. *See also* Doc. 47-11.)

---

[5] ANSI stands for American National Standards Institute. (*See* Doc. 47 at 5.)

The Court does not, and need not, decide whether the phrase output luminance is described with "reasonable particularity" for Curtis to respond to Plaintiff's discovery requests. Fed. R. Civ. P. 34(b)(1). As Plaintiff has now provided a definition of the phrase that is acceptable to him, specifically incorporating "a photometric measure of the luminous intensity per unit area of light travelling in a given direction," Curtis shall utilize this definition and amend its discovery responses and produce responsive documents accordingly.

**B.    "Product," "Customer," and "Person"**

Curtis asserts that the defined terms "PRODUCT," "CUSTOMER," and "PERSON" in Plaintiff's discovery requests are so broad that they "encompass—literally—any Accused Product sold anywhere in the world in the past five years."[6] (Doc. 47 at 35. *See also id*. at 4) Curtis instead proposes definitions of these terms that are limited to products and people located in California, considering Plaintiff's putative class is defined as all persons who purchased an Accused Product while residing in California. (*See id*. at 14–15. *See also* Doc. 1-4 ¶ 53.)

Plaintiff counters that Curtis conflates the scope of Plaintiff's claims with the scope of discovery it is entitled to seek, and contends that the scope of discovery in this case includes "Curtis's policies, practices, and personnel with respect to the output luminance of *any* projector," even if that projector is sold outside of California. (*See* Doc. 47 at 3. *See also id*. at 3–4.)

**1.    "Product"**

Plaintiff's discovery requests define the term "PRODUCT" as "projectors sold under the RCA brand name during the CLASS PERIOD[7], including but not limited to the following model numbers: RPJ104, RPJ116, RPJ-116+, RPJ116-B-PLUS, RPJ119, RPJ129, and RPJ136." (Doc. 47-7 at 7; Doc. 47-8 at 8–9.) The Court rejects Curtis's contention that this definition should be limited to projectors sold in California. The imposition of such geographic limitation would be excessively restrictive in that it would exclude relevant information and documents from

---

[6] Although Curtis identifies other definitions it suggests are "overly broad" (*see, e.g*., Doc. 47 at 9–10), the parties' Joint Statement makes clear that their dispute centers around these three terms, which "commonly appear" in those other definitions (*see id*.at 14–15, 36).

[7] The "CLASS PERIOD" is "May 3, 2015 through the present." (Doc. 47-7 at 3; Doc. 47-8 at 5. *See also* Doc. 47 at 9.)

discovery, *e.g.*, information or documents evidencing Curtis's inconsistent representations regarding the projectors' brightness ratings or its knowledge of the alleged falsity of its representations. (*See, e.g.,* Doc. 1-4 ¶¶ 66–67, 70, 103 and "Prayer for Relief" at 28.)

The Court observes, however, that the definition of "PRODUCT" as currently formulated pertains to ***all*** of Curtis's projectors sold under the RCA brand name from May 3, 2015, to present and is in that sense overly broad. (*See, e.g.,* Doc. 47-7 at 7 ("***including, but not limited to***, the following model numbers . . . .") (emphasis added). Other than the model numbers of projectors specifically identified in the definition, to which Curtis apparently does not object, Plaintiff has not articulated why discovery relating to Curtis's other projector models would be relevant in this case. Nor are any projectors other than those identified alleged to be at issue in this case. (*See* Doc. 1-4 ¶ 5 ("This complaint concerns models RPJ116, RPJ129, and RPJ136.").) Based on the current record before this Court, Plaintiff is not entitled to discovery relating to Curtis's entire projector line. *See Ogden v. Bumble Bee Foods*, LLC, 292 F.R.D. 620, 626–27 (N.D. Cal. 2013) (denying discovery into Bumble Bee's entire product line where the plaintiff's claims did not stem from similar alleged misrepresentations). To ensure the discoverable information is proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), the definition of "PRODUCT" shall be limited to model numbers RPJ104, RPJ116, RPJ-116+, RPJ116-B-PLUS, RPJ119, RPJ129, and RPJ136.

**2.     "Customer"**

The term "CUSTOMER" is defined in Plaintiff's discovery requests as "ANY PERSON who PURCHASED the PRODUCT at retail." (Doc. 47-7 at 3; Doc. 47-8 at 5.) The term is used in only two of Plaintiff's discovery requests: (1) Document Request No. 60, which Plaintiff already agreed to limit to California consumers, *see* Doc. 47 at 34 n.4; and (2) Document Request No. 56. Document Request No. 56 seeks documents relating to communications to or from "CUSTOMERS" or undefined "purchasers," *see* Doc. 47-7 at 14, including, as Plaintiff points out, complaints from customers outside of California, *see* Doc. 47 at 34 n.4. Such complaints are relevant, at a minimum, to show what Curtis "knew or should have known at particular points in time regarding any perceived problems" with its advertising of the Accused Products. *See Sanbrook v. Office Depot*, No. C07-5938-RMW (PVT), 2009 WL 840019, at \*2 (N.D. Cal. Mar.

30, 2009). As with the definition of "PRODUCT," imposing a geographic limitation on the term "CUSTOMER" as it is used in Document Request No. 56 would result in the omission of relevant documents. *See id.*

### 3. "Person"

Finally, Plaintiff's discovery requests define the term "PERSON" as "ANY person, firm, association, partnership, corporation, and or ANY other form of legal entity." (Doc. 47-7 at 7; Doc. 47-8 at 8.) Because the definition of "CUSTOMER" includes the term "PERSON," any limitation of the term "PERSON" to California consumers would apply equally to "CUSTOMER." As the Court has already rejected the imposition of such limitation to the term "CUSTOMER," it finds that imposing a geographic limitation on the term "PERSON" would be improper for the same reasons. In addition, limiting "PERSON" to California consumers would render others of Plaintiff's definitions and discovery requests nonsensical. (*See, e.g,* Doc. 47-7 at 6 (definition of "MANUFACTURER"); *id.* at 10 (Document Request No. 25).)

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's Motion to Compel (Doc. 44) is GRANTED in part, subject to the limitations set forth above.

Curtis shall serve its amended responses to Plaintiff's discovery requests within seven days of the date of this order, as it has previously committed to do. (*See* Doc. 47 at 4.) With respect to production, the Court declines to adopt Plaintiff's proposal that Curtis produce the requested discovery "within ten days" following entry of this order. (*See id.* at 34.) Instead, the parties are ORDERED to meet and confer to agree upon reasonable time frame and manner for production of responsive information and documents, taking into account Curtis's commitment to begin its document production "as expeditiously as possible" following the date of this order. (*See id.* at 35, 36.)

IT IS SO ORDERED.

Dated:   **July 29, 2020**                         /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE