# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCANLON,<br><br>    Plaintiff,<br><br>    v.<br><br>CURTIS INTERNATIONAL, LTD.,<br><br>    Defendant. | Case No. 1:19-cv-00937-LJO-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED REQUESTS TO SEAL DOCUMENTS IN ACCORDANCE WITH LOCAL RULE 141**<br><br>**(Docs. 61 & 63)** |

On November 18 and 19, 2020, Plaintiff Roman Scanlon submitted requests to seal exhibit nos. 8 and 11–19 to the parties' "Joint Statement Re: Plaintiff's Notice of Motion and Motion to Compel No. 2" and exhibit no. 46 to the "Supplemental Declaration of Seth A. Safier ISO Motion to Compel No. 2" (collectively, the "Requests to Seal"). (Docs. 61 & 63.) Plaintiff's Requests to Seal state that these exhibits "contain information designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL' per the terms of the Stipulated Protective Order." (Doc. 61 at 2; Doc. 63 at 2.) The parties' Stipulated Protective Order provides that "Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material."[1] (Doc. 43 at 17.)

Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." L.R. 141(b). "Only if good cause exists may the Court seal the information from public view after balancing 'the

---

[1] "Protected Material" is defined as "any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY." (Doc. 43 at 4.)

1

needs for discovery against the need for confidentiality.'" *Koloff v. Metro. Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)). A party may submit an opposition to a request to seal documents within three days of the date of service of the request. L.R. 141(c).

Defendant Curtis International, Ltd. has not submitted an opposition to Plaintiff's Requests to Seal, and the time to do so has expired. Plaintiffs' Requests to Seal are therefore deemed unopposed. Plaintiff has complied with Local Rule 141, and in view of the documents' designation under the parties' Stipulated Protective Order, to which there has been no challenge (*see* Doc. 43 at 8–9), the Court finds there is good cause to allow Plaintiff to file them under seal. Accordingly, the Court GRANTS Plaintiffs' unopposed Requests to Seal (Docs. 61 & 63), and ORDERS exhibit nos. 8 and 11–19 to the parties' "Joint Statement Re: Plaintiff's Notice of Motion and Motion to Compel No. 2" and exhibit no. 46 to the "Supplemental Declaration of Seth A. Safier ISO Motion to Compel No. 2" be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

IT IS SO ORDERED.

Dated:   **November 25, 2020**                    /s/ *Sheila K. Oberto*
                                                                          UNITED STATES MAGISTRATE JUDGE