UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCANLON, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS INTERNATIONAL, LTD.,<br><br>Defendant. | No. 1:19-cv-00937-NONE-SKO<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL NO. 2<br><br>ORDER TO PROVIDE DATES FOR A SETTLEMENT CONFERENCE<br><br>(Doc. 59) |

This matter is before the Court on Plaintiff Roman Scanlon's "Motion to Compel No. 2," filed November 4, 2020 (the "Motion to Compel"). (Doc. 59.) Plaintiff and Defendant Curtis International, Ltd. ("Curtis") filed their joint statement directed to the Motion to Compel, as required by this Court's Local Rule 251, on November 18, 2020 (the "Joint Statement"). (Doc. 60.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument pursuant to Local Rule 230(g). The hearing set for November 25, 2020, was therefore vacated. (Doc. 64.)

Having considered the Joint Statement and its exhibits, and for the reasons set forth below, the Motion to Compel will be granted in part and denied in part. In addition, because the Court intends to set a Settlement Conference, the parties shall propose dates on which a Settlement Conference will be set.

///

1

## I. BACKGROUND

Plaintiff initiated this action by filing a class action complaint on May 3, 2019, against Defendants Curtis and Technicolor SA in the Merced County Superior Court. (Doc. 1-4.) Based upon his allegation that Defendants misrepresented to him and others similarly situated that they were purchasing digital home theater projectors with specific brightness ratings, Plaintiff asserts causes of action for: 1) fraud, deceit, and/or misrepresentation; 2) breach of contract[1]; 3) violation of California's Consumer Legal Remedies Act, California Civil Code § 1750, et seq.; 4) violation of California's False Advertising Law, California Business & Professions Code § 17500, et seq.; 5) negligent misrepresentation; 6) unjust enrichment[2]; and 7) unfair, unlawful, and/or deceptive trade practices, California Business & Professions Code § 17200, *et seq*. (Doc. 1-4 at 2.) Plaintiff seeks on behalf of himself and others similarly situated compensatory damages, punitive damages, restitution, injunctive relief, and declaratory relief. (*Id.* at 28–30.) Defendants timely removed the case to this federal court on July 9, 2019, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. (Doc. 1 at 2.)

In the operative complaint, Plaintiff alleges the following: Defendant Curtis manufactures and distributes consumer electronics, which Curtis sells under the "RCA" trademark through a licensing agreement with Technicolor SA.[3] (Doc. 1-4 ¶ 27.) Curtis has marketed and sold projectors that purportedly have a brightness of 2,000 lumens[4] or more. (*Id.* ¶ 29.) Curtis induced Plaintiff and others similarly situated to purchase RCA-brand home-theater projector models (i) RPJ116; (ii) RPJ129; and (iii) RPJ136 (collectively, the "Accused Products") by misrepresenting the projectors' lumens ratings as higher than their actual lumens output. (*Id.* ¶¶ 2, 5, 6, 35–36.) According to Plaintiff: "Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by [Curtis], he would have acted differently

---

[1] The caption page of Plaintiff's complaint includes a breach of contract claim. (Doc. 1-4 at 2.) However, the body of the complaint contains no allegations in support of a breach of contract claim. (*See generally* Doc. No. 1-4.)

[2] Plaintiff has previously voluntarily dismissed his unjust enrichment claim. (*See* Docs. 19–21.)

[3] On October 10, 2019, Defendant Technicolor SA filed a motion to dismiss on the grounds that this Court lacked personal jurisdiction over it. (*See* Doc. 18.) The Court granted the motion with leave to amend. (*See* Doc. 41.) On June 23, 2020, Plaintiff filed a notice indicating he would not be amending his complaint (Doc. 45), and Defendant Technicolor SA was dismissed on June 25, 2020 (Doc. 46).

[4] "Lumens" is a measure of brightness or "light intensity." (*See generally* Doc. 1-4; Doc. No. 47 at 2, 5.)

2

by, without limitation, not purchasing (or paying less for) the [Accused Products]." (*Id.* ¶ 73.) Plaintiff seeks to assert claims on behalf of a proposed class defined as "[a]ll persons, natural or otherwise, who, while residing in California, purchased an [Accused Product]." (*Id.* ¶ 53.)

Plaintiff moves to compel Curtis to (1) "conduct a diligent search and 'substantially complete' its document production," (2) amend its Third Amended Interrogatory Responses to provide "complete" responses to Interrogatories No. 2, 4, 5, and 7, and to indicate it is not "withholding any documents or information on the basis of any general or specific objections," and (3) produce an "adequate" privilege log. (Doc. 60 at 10–19, 22–23.) The Motion to Compel also seeks $15,431 in Plaintiff's attorney's fees as sanctions under Federal Rule of Civil Procedure 37(a)(5)(A). (*Id.* at 21–22.)

Curtis responds that, despite its counsel's unexpected family medical emergencies, it has produced "what it reasonably believes is the remainder of its document[s] in response to Plaintiff's first set of document requests" and its responses to Interrogatories No. 2, 4, 5, and 7 are sufficient in that they comply with Fed. R. Civ. P. 33(d). (Doc. 60 at 28–31, 33–36.) Curtis further responds that its Third Amended Interrogatory Responses need not specify whether it is withholding any responsive information on the basis of its asserted objections, and that it "has complied with its obligation to produce its Privilege Log."[5] (*Id.* at 31–33, 36.)

## II.     LEGAL STANDARD

As it did with the previous discovery motion filed in this action, the Court has examined the issues in the present Motion to Compel using the standard set forth in Federal Rule of Civil Procedure 26 ("Rule 26"). Rule 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the

---

[5] Curtis also accuses Plaintiff of various discovery deficiencies, violations of court orders, and reneging on their agreements. (*See* Doc. 60 at 23–28.) These issues are not the subject of the Motion to Compel and therefore are not before the Court. Moreover, the parties' submissions demonstrate that these issues have only been discussed in email correspondence and have not been the subject of the parties' telephonic meet-and-confer efforts. (*See, e.g.*, Doc. 60-18. *See also* Doc. 60 at 19–20.) The parties are reminded that both Local Rule 251 and the undersigned's informal discovery dispute resolution protocol require the parties **speak with each other** about the discovery dispute, either in person, over the telephone, or through videoconferencing, in a good faith effort to resolve their differences prior to seeking court intervention.

issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. Discovery need not be admissible in evidence to be discoverable. *Id*. However, a court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). Finally, the Court is mindful of the imperative that the Federal Rules of Civil Procedure be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1; *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (a court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and "[h]ow this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").

### III.     DISCUSSION

**A.     Curtis's Document Production**

Plaintiff contends that Curtis has not "substantially completed" its document production, including the production of electronically stored information ("ESI"), as it agreed to do by October 16, 2020. (Doc. 60 at 10–13.) According to Plaintiff, Curtis has produced only 141 documents to date, 63 of which are from public websites, in response to Plaintiff's 72 document requests. (*Id*. at 4–5, 10–11.) Plaintiff asserts that it "strains credulity" that Curtis would have so few documents in its possession, custody, or control. (*Id*. at 11.) Plaintiff notes that he has received in response to a third-party subpoena email correspondence between third party Intertek Testing Services ("Intertek") and Curtis employee Natasha Pietramala that Curtis did not produce, despite its responsiveness. (*Id*. at 5, 12. *See* Doc. 67 (filed under seal).) Plaintiff also

4

asserts that Curtis has not produced responsive documents from the "Amazon Seller Central portal" to which it has access, as evidenced by a declaration from Amazon.com. (*Id.* at 5 n.4; Doc. 60-8.)  Plaintiff concludes by surmising that the reason Curtis's document production is lacking is because it performed a "good-faith search" (as stated in response to 22 of Plaintiff's document requests) instead of conducting a "diligent search and reasonable inquiry." (*Id.* at 12–13; Doc. 60-7.)  Plaintiff, however, does not explain how these two standards differ.[6]

Curtis responds that it is "hardly surprising" that it lacked documents responsive to 24 of the 72 document requests because it is not involved in the design, manufacture, or end-user sale of the RPJ104, RPJ116, RPJ-116+, RPJ116-B-PLUS, RPJ119, RPJ129, and RPJ136 projectors (collectively, the "Relevant Products").[7]  (Doc. 60 at 34.)  Instead, Curtis states that it is a "relatively small business that purchases products from international manufacturers, and then [] resells the products to retailers under different brand names (pursuant to licensing arrangements)." (*Id.*)  Curtis does not explain why it did not produce the highly responsive document Plaintiff received from Intertek, nor does it respond to Plaintiff's criticism of the "good-faith search" it undertook to locate responsive documents.  Curtis does address the Amazon.com declaration, which it characterizes as hearsay. (*Id.* at 35.)  The remainder of Curtis's response sets out to explain its "mere, 12-day delay" in its document production, which it represents it "substantially completed" on October 28, 2020, as a result of counsel's medical emergencies. (*Id.* at 35–36.)

Plaintiff's complaints about the "gaps" in Curtis's production appear to be largely centered on the alleged dearth of ESI in Curtis's production. (*See* Doc. 60 at 5 n.4, 10, 12.)  Federal Rule of Civil Procedure 26(f) directs parties to meet and confer to discuss any issues relating to the disclosure or discovery of ESI and to develop a discovery plan that states the

---

[6] At least one court has intimated there is no meaningful difference between the two terms. *See Thomas v. Saafir*, No. C 06-0184MMCPR, 2007 WL 1063474, at *2 (N.D. Cal. Apr. 9, 2007) (finding that defendants' certification that they conducted a "***diligent search and reasonable inquiry*** of all available sources" but could not locate the forms plaintiff sought, and as a result the documents were not in his "possession, custody or control" satisfied Rule 34, citing *Searock v. Stripling*, 736 F.2d 650, 654 (11th Cir. 1984) (finding defendant's statement as to "inability, ***after a good faith effort***, to obtain" requested documents satisfied Rule 34)) (emphasis added).

[7] The Court previously limited discovery in this case to the following projector model numbers: RPJ104, RPJ116, RPJ-116+, RPJ116-B-PLUS, RPJ119, RPJ129, and RPJ136. (*See* Doc. 49 at 6.)

parties' views and proposals. Fed. R. Civ. P. 26(f)(2), (3). This Court's "Order Setting Mandatory Scheduling Conference," entered July 10, 2019, requires that counsel "attempt to agree as to the scope of e-mail discovery and attempt to agree upon an e-mail search protocol" during their Rule 26(f) conference. (Doc. 2 at 6.) The Order further provides that their "Joint Scheduling Report shall summarize the parties' conference relating to the discovery of electronic data." (*Id.*)

On August 28, 2020, the parties filed their operative Joint Scheduling Report, (Doc. 52), stating the following:

> The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the need to preserve evidence relevant to the issues reasonably evident in this action. The Parties will continue to discuss whether and to what extent any additional steps may be necessary to ensure the preservation of relevant evidence. The parties have preserved evidence in their possession, custody, or control, and will submit a stipulation pertaining to electronic discovery matters in the coming weeks.

(Doc. 52 at 9–10.) A review of the Court's docket reveals that no such "stipulation pertaining to electronic discovery matters" has been submitted to the Court. Despite this representation to the Court three months ago, such stipulation does not appear to be forthcoming, either. The Court has reviewed the Joint Statement, which with exhibits totals 827 pages, and nowhere in it is any discussion of, much less agreement on, issues pertaining "electronic discovery matters," including, at a minimum, "the scope of e-mail discovery" and "e-mail search protocol" as ordered by the Court.

The parties' failure to comply with their obligation to discuss and develop an ESI discovery plan is unfortunate. Had they done so, both parties would have had an understanding of the types or categories of discoverable information each party has in electronic form, and where and on what type of media that information is likely to be found (such as the "Amazon Seller Central portal"); the number and identity of "key players" who are knowledgeable about potentially relevant ESI (such as Ms. Pietramala) and on whose servers or devices ESI is likely to be found; and what methods will be efficient in identifying discoverable ESI (*e.g.*, sampling,

key word searches, etc.). Lacking this understanding, the parties instead used their time and energy to bring before the Court, in 827 pages, a dispute that, while perhaps may not have been entirely avoided, likely would have been pared down from its current posture.[8] The time and energy spent on preparing those 827 pages would have been better spent discussing ESI and negotiating a discovery plan.

As discovery in this case does not close until February 1, 2021, (Doc. 55), the parties have sufficient time to do what they committed to do three months ago—meet and confer to formulate a stipulated discovery plan that addresses ESI issues, submit it to the Court, and conduct discovery in accordance therewith.[9] Until the parties have done so, their dispute about Curtis's document production is premature, and the Motion to Compel further production of documents will be denied without prejudice.

**B.      Curtis's Third Amended Interrogatory Responses**

Plaintiff asserts that Curtis's response to Interrogatory No. 2 is lacking certain information and that Curtis's identification of documents in response to Interrogatories No. 4, 5, and 7 fail to comply with Federal Rule of Civil Procedure 33(d) because they do not fully answer the interrogatories.[10]   (*See* Doc. 60 at 13–17.)   Curtis responds that its responses to these interrogatories are complete and no further response is required. (*Id.* at 29–31.)

Plaintiff also asks the Court to enforce Curtis's agreement to include a statement in

---

[8] It would be remiss of the Court not to point out the troublesome nature of Curtis's inexplicable failure to produce a highly relevant document such as the email between Curtis employee Ms. Pietramala and Intertek. It is expected that omissions of this nature will be rectified through formulation of the parties' discovery plan, as the Court trusts the parties' representation, made in their August 28, 2020, Joint Scheduling Report, that they "have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding the need to preserve evidence relevant to the issues reasonably evident in this action" and "have preserved evidence in their possession, custody, or control." (Doc. 52 at 9–10.)

[9] While the items included in a discovery plan will depend on the specifics of the case, the Court directs the parties' attention to *Rabin v. Pricewaterhousecoopers LLP*, No. 16-CV-02276, 2016 WL 5897732 (N.D. Cal. Oct. 11, 2016), as an example of an appropriate stipulation concerning the production of ESI. For a discussion of the requirements for producing ESI, see *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584–86 (C.D. Cal. 2011).

[10] The Motion to Compel seeks to require Curtis to provide "full, written responses to ***all*** Plaintiff's interrogatories" (Doc. 59 at 2) (emphasis added), but Plaintiff addresses only Interrogatories No. No. 2, 4, 5, and 7 in the Joint Statement. In the absence of any argument specifically directed to the remaining interrogatories, the Court declines to consider any challenge to them. *See U.S. ex rel. Englund v. Los Angeles Cty.*, No. CIVS04-0282 LKK JFM, 2006 WL 1490641, at *1 (E.D. Cal. May 26, 2006) (declining to decide motions to compel that were not included in the parties' joint statements filed pursuant to Local Rule). *See also Patriot Rail Corp. v. Sierra R.R. Co.*, No. 2:09-CV-0009-TLN-AC, 2013 WL 4010272, at *3 (E.D. Cal. Aug. 5, 2013) (denying motion to compel without prejudice due to the parties' failure to comply with Local Rule 251, noting that "the Rule requires that the parties parse their arguments into a specific and detailed statement of the disputes in the joint statement.").

response to each interrogatory in its Third Amended Interrogatory Responses that Curtis "is not withholding any documents or information on the basis of any of any general or specific objections." (Doc. 60 at 17–18.)

### 1. Interrogatory No. 2

Interrogatory No. 2 asks Curtis to state the "specific lumens claims" appearing on the boxes or other outer packaging of the Relevant Products, the "method of measuring lumens used" for each claim, and, where more than one lumens claim appeared on any of the Relevant Products' packaging during the putative class period, the dates when each claim appeared. (*See* Doc. 60-24 at 7; Doc. 60 at 16.) Curtis's response includes a chart organized by model number of the Relevant Products, the "advertised lumens" for each model, and the dates of the advertisements, where applicable. (*See* Doc. 60-24 at 7–9.)

Plaintiff points out, with no rebuttal from Curtis, that Curtis's chart contains gaps in the date information for the lumens claims of some of the Relevant Products.[11] (*See* Doc. 60 at 17 ("For example, Curtis's amended response for RPJ104 does not state what claim was on the box between August 7, 2018 and August 27, 2019.")) The Court agrees.

The Motion to Compel a further response to Interrogatory No. 2 will be granted, and Curtis shall amend its chart to specify (1) the lumens claim(s) appearing on the packaging of model number RPJ104 between August 7, 2018, and August 27, 2019, and (2) the lumens claim(s) appearing on the packaging of model number RPJ116+ between August 7, 2018, and "December 2018."

### 2. Interrogatory No. 4

Interrogatory No. 4 asks Curtis to identify by Bates numbers "all boxes" used for the Relevant Products and, if more than one version of the box was used for any Relevant Product, the dates of use for each box. (Doc. 60-24 at 10; Doc. 60 at 14.) Curtis responds by identifying six documents (CURTIS0000113–114; CURTIS0000117; CURTIS0000118; CURTIS0000119;

---

[11] Curtis does not address in the Joint Statement, and thus does not contest, Plaintiff's allegation that it failed to provide complete information about ***when*** the lumens claims were used in connection with advertising the Accused Products. (*See* Doc. 60 at 29 ("With respect to Interrogatory No. 2, Plaintiff asked Curtis to identify the different lumens used in connection with advertising the relevant projectors. Curtis included charts in its third amended interrogatory responses and objections that provide this information.").)

CURTIS0000120; and CURTIS0000153–161) from which it contends Plaintiff "can locate information that is responsive" pursuant to Federal Rule of Civil Procedure 33(d). (*Id.*)

A responding party must respond to interrogatories under oath to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); *Lanier v. San Joaquin Valley Officials Assoc.*, Case No. 1:14-CV-01938-EPG, 2016 WL 4764669, at *3 (E.D. Cal. Sept. 12, 2016) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). "In general, a responding party is not required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (internal quotation marks and citation omitted).

However, where the burden of collecting the information sought by an interrogatory is substantially the same for the requesting and responding parties, "[a] party may answer an interrogatory by specifying records from which the answers may be obtained and by making the records available for inspection." *Rainbow Pioneer No. 44–18–04A v. Hawaii–Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983). In such an instance, under Rule 33(d), the responding party must identify the records to be reviewed "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996) (specification of records must be in sufficient detail to allow party to locate and identify documents from which the interrogatory answer may be ascertained, as readily as the party served); *Meggitt (Orange Cty.), Inc. v. Nie*, No. SA CV 13-00239 DOC (DFMx), 2015 WL 12743840, at *1 (C.D. Cal. Feb. 18, 2015) ("Rule 33(d) requires Defendants to tell Plaintiffs which documents are responsive to its interrogatory, not cite to a list of Bates ranges."). Identifying documents in response to an interrogatory pursuant to Rule 33(d) is not appropriate in all circumstances. First, the answer to the interrogatory must be capable of being determined by examining records without further explanation, and second, the burden of ascertaining the answer from the documents must "be substantially the same for either party." *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-2389 SJO (SS), 2016 WL 11266869, at *8 (C.D. Cal. Oct. 18, 2016) (quoting Fed. R. Civ. P. 33(d)).

If the receiving party is unable to identify the specific documents sufficient to respond to the question asked by the interrogatory, "a narrative response is both more practical and required by the Rules." *Id*. *See also In re Fresh And Process Potatoes Antitrust Litig*., No. 4:10–MD–02186–BLW, 2014 WL 356220, at *2 (D. Idaho Jan. 31, 2014) ("If the responding party cannot identify which specific documents contain the answer to the interrogatories, they must completely answer the interrogatories without referring to the documents.") (citing *Cambridge Electronics Corp. v. MGA Electronics, Inc*., 227 F.R.D. 313, 323 (C.D. Cal. 2004)).

The Court has reviewed the six records cited by Curtis and finds that a complete answer to the interrogatory is not readily ascertainable from the documents as required by Rule 33(d). Curtis does not specify which of the Relevant Product(s)' boxes are pictured in each of the documents it identifies. The documents also fail to indicate whether more than one of the boxes pictured in the documents was or will be used for a single Relevant Product, so as to require Curtis to provide information regarding the date of use.[12]

In defense of its response to Interrogatory No. 4, Curtis states in the Joint Statement that it "produced what it had within its possession, custody, or control—images of the packaging used for the projectors—and then identified those images by Bates Number." (Doc. 60 at 30.) However, Rule 33(d) does not require the identification of all documents that touch on the subject of the interrogatory, but only those documents sufficient to provide a complete response to the question posed. *Kaneka Corp.*, 2016 WL 11266869, at *8. Merely identifying Bates ranges without regard to whether the documents answer the interrogatory is not what is contemplated by Rule 33(d). *See id.*; *E&J Gallo Winery v. Cantine Rallo, S.p.A.*, No. 1:04cv5153 OWW DLB, 2006 WL 3251830, at *2 (E.D. Cal. Nov. 8, 2006) ("A party that knows or had access to an interrogatory response, may not use Rule 33(d) to avoid furnishing a response to the interrogatory where the answer is not apparent from the face of the documents."). Even in the Joint Statement, Curtis does not explain, much less address, whether or how the

---

[12] To the extent Curtis were required to do so, five of the documents appear to contain images of boxes for the Relevant Products with no information as to the date of use. (*See* Docs. 62-2, 62-3, 62-4, 62-5, 62-6.) One document contains chart of images and some date information, but it not clear that the information, represented as "Date Ex Asia For This Version," is responsive to the interrogatory. (*See* Doc. 68 (filed under seal).)

1 records it identified adequately answer Plaintiff's request for date information for the boxes.
2 Because Curtis's response to Interrogatory No. 4 does not comply with Rule 33(d), the Motion to
3 Compel a further response to the interrogatory will be granted. Curtis shall amend its answer to
4 specify, for each of the images of boxes contained in the five documents identified, the Relevant
5 Product(s) to which the image pertains. To the extent that more than one of the boxes pictured in
6 the documents was or will be used for a single Relevant Product, Curtis shall also provide the
7 dates on which each box was or will be used during the putative class period.

### 3. Interrogatory No. 5

In Interrogatory No. 5, Plaintiff seeks the total number of Relevant Products sold in California during the putative class period and the revenue obtained therefrom. (*See* Doc. 60-24 at 11; Doc. 60 at 14–15.) In response, Curtis identifies four records (CURTIS0000115; CURTIS0000121; CURTIS0000151; and CURTIS0000152) pursuant to Rule 33(d). (*Id.*) Plaintiff complains that the documents "do not provide clear information sufficient to answer [the] interrogatory." (Doc. 60 at 15.)

The Court agrees with Plaintiff that CURTIS0000115 and CURTIS0000121, which appear to show the number of Relevant Products shipped to California and net sales of the Relevant Products nationwide, respectively, are not responsive to Interrogatory No. 5. (*See* Docs. 68-1 & 68-2 (filed under seal).) CURTIS0000151 does not contain enough information for the Court to determine whether it is responsive or not, and thus does not meet the requirements of Rule 33(d). (*See* Doc. 69 (filed under seal).)

Curtis does not disagree. Instead, it responds in the Joint Statement that it "produced a detailed spreadsheet that shows, among other things, the number of units of projectors that it shipped to retailers in California, and the price those retailers paid Curtis." (Doc. 60 at 30.) The Court has reviewed the 54-page spreadsheet (which it interprets as referring to CURTIS0000152, *see* Doc. 69-1 (filed under seal)) and, based on Curtis's representation to the Court, finds that the information called for by Interrogatory No. 5 can be readily ascertained from the document. *See* Fed. R. Civ. P. 33(d); *Rainbow Pioneer No. 44–18–04A*, 711 F.2d at 906. Accordingly, the Motion to Compel a further response to the interrogatory will be denied.

### 4. Interrogatory No. 7

Interrogatory No. 7 requests information pertaining to testing of the lumens of the Relevant Products, including the date, type and standards applied, and results. (*See* Doc. 60-24 at 12–13; Doc. 60 at 15.) After interposing an objection that the interrogatory "requires Curtis to obtain and produce information that is not within Curtis's possession, custody, or control," Curtis again invokes Rule 33(d) and identifies five records (CURTIS0000001–44; CURTIS0000045; CURTIS0000116; CURTIS0000122–148; and CURTIS0000149–150) in response to the interrogatory. (*See* Doc. 60-24 at 4, 12–13; Doc. 60 at 15.)

Plaintiff asserts that the documents cited by Curtis are "collectively non-responsive." (Doc. 60 at 15.) Upon review of the documents, the Court observes that one of them, CURTIS0000001–44 (Doc. 69-2 (filed under seal)), includes all of the information requested by Interrogatory No. 7, but the rest, as Plaintiff points out, do not. CURTIS000045 is a chart titled "Brightest data flow" for some of the Relevant Products, but there is no indication that the "data flow" constitutes lumens testing results and, even if so, does not specify the date of testing. (*See* Doc. 70-3 (filed under seal).) CURTIS0000122–148 is a "test report" for a non-Relevant Product and is therefore non-responsive. *See* Doc. 70 (filed under seal).) Finally, CURTIS0000116 and CURTIS0000149–150, while possibly responsive, are written in Mandarin (*See* Docs. 70-1 & 70-2 (filed under seal).)

Curtis responds in the Joint Statement that it "produced copies of all of the requested test results that are within its possession, custody, or control" and, pursuant to Rule 33(d), "told Plaintiff the exact Bates Numbers of these documents." (Doc. 60 at 30.) Curtis further invites Plaintiff to ask any questions it has about Curtis's responses at the deposition of its corporate representative. (*Id.* at 30–31.) Again, whether Curtis produced responsive documents is beside the point: Rule 33(d) requires the specification of records from which the answer to Interrogatory No. 7 may be obtained "without further explanation." *Kaneka Corp.*, 2016 WL 11266869, at *8. Curtis's response does not do that.[13] Thus, the Motion to Compel a further response to

---

[13] This is particularly true for the foreign-language documents cited by Curtis. *See E&J Gallo Winery*, 2006 WL 3251830, at *5 ("Referencing documents written in a foreign language does not completely fulfill" duty under Rule

12

Interrogatory No. 7 will be granted, and Curtis shall, after a reasonable effort, fully answer the interrogatory without reference to documents other than CURTIS0000001–44, which the Court finds responsive.

### 5. "Withholding" Language

Plaintiff contends Curtis has reneged on its agreement to language in its interrogatory responses that it "is not withholding any documents or information on the basis of any of its objections," as it is required to do under the Federal Rules of Civil Procedure. (Doc. 60 at 17–18.) While Curtis does not dispute that it initially agreed to language proposed by Plaintiff, it responds in the Joint Statement that it has since determined that the language is "neither necessary nor appropriate" to include in its interrogatory responses. (*Id.* at 32.) Curtis does not specify whether it is withholding information responsive to Plaintiff's interrogatories based on its objections.

Plaintiff predicates its argument on Federal Rule of Civil Procedure Rule 34 (*see* Doc. 30 at 18), which requires that an objection "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). However, Rule 34 applies only to requests for production, not to interrogatories, which are instead governed by Rule 33. Unlike Rule 34, Rule 33 contains no requirement that a party identify whether information is withheld from an interrogatory based on an objection. Nonetheless, the Court finds that the "just, speedy, and inexpensive determination" of this case militates toward imposing such an obligation on Curtis. Fed. R. Civ. P. 1. *See Grodzitsky v. Am. Honda Motor Co.*, No. CV 12-1142-SVW (PLAx), 2017 WL 2616917, at *5 (C.D. Cal. June 13, 2017) (ordering responding party to indicate in its interrogatory response whether it is withholding information on the basis of an objection despite the absence of such a requirement in Rule 33). *See also Stiles v. Walmart, Inc.*, No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *11 (E.D. Cal. Jan. 17, 2020) ("[B]ecause Walmart is entitled to a formal response to its interrogatories, set one, indicating that no information is being withheld on the basis of privilege, Walmart's motion will

---

33(d), which requires the responding party to identify "documents from which the response to the interrogatory is clearly ascertainable.").

be granted and plaintiffs will be required to serve a supplemental response indicating that no information is being withheld in response to Walmart's interrogatories, set one, on the basis of privilege. To the extent any privilege is being asserted, plaintiff shall identify the specific privilege, and shall serve a privilege log as required by statute.")

The Motion to Compel with respect to this issue will therefore be granted in part. Curtis shall provide a declaration signed under penalty of perjury by a corporate officer or director attesting that it is not withholding any information responsive to Plaintiff's interrogatories on the basis of the objections raised in its Third Amended Responses. Alternatively, if Curtis determines that there is information that has been withheld, it must amend those responses to so state and to specify the nature of the withheld information.

**C.     Curtis's Privilege Log**

Citing two example entries, Plaintiff asserts Curtis's privilege log is inadequate because Curtis "has not disclosed, either in the log itself or discovery, information sufficient for Plaintiff to identify the individuals involved in the purportedly privileged communications." (Doc. 60 at 18–19.) Plaintiff further criticizes the log's privilege designations of "Attorney Client Communications, Attorney Work Product," which he asserts applies to all of its nearly 4,000 entries, on grounds that the designations do not make "clear why either protection should apply to each entry or provid[e] enough information to determine if the communications are privileged." (*Id*. at 19.) In response, Curtis does not address Plaintiff's specific challenges to its privilege log in the Joint Statement, stating instead that it "has complied with its obligation to produce its Privilege Log." (*Id*. at 36.)

"The party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications . . . . [T]he party asserting the privilege must make a prima facie showing that the privilege protects the information the party intends to withhold." *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992) (citations and footnotes omitted). To meet this burden, the objecting party may not rely upon "generalized, boilerplate objection[s]." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1147 (9th Cir. 2005), cert. denied, 546 U.S. 939 (2005). Instead,

14

1   the objecting party must produce a privilege log that "expressly make[s] the claim" and
2   "describe[s] the nature of the documents" being withheld with enough information to "enable
3   other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i), (ii).

4   Despite both parties having cited to it (*see* Doc. 60 at 19, 36), Curtis's privilege log is not
5   included among the voluminous exhibits attached to the Joint Statement, and the Court cannot
6   evaluate the sufficiency of all of its entries. As for the two log entries reproduced by Plaintiff in
7   the Joint Statement (*see* Doc. 60 at 19), the Court finds that they adequately identify the
8   individuals over whose e-mail communications the privileges are asserted, in that they indicate
9   the sender and recipients of the communications and their email addresses. *See, e.g., Club Level,*
10  *Inc. v. City of Wenatchee*, 618 F. App'x 316, 319 (9th Cir. 2015) (privilege log pertaining to
11  privileged emails complied with Rule 26(b)(5) where it disclosed the nature of the
12  correspondence, the date of sending, the sender and recipient(s), and a brief statement describing
13  the subject of the content) (citing *In re Grand Jury Investigation*, 974 F.2d at 1071). Moreover,
14  Plaintiff has not identified any "discovery" he has propounded seeking information about these
15  individuals that Curtis has allegedly "not disclosed."

16  The two entries do not, however, contain enough information about the subject emails to
17  enable Plaintiff to assess Curtis's claim of privilege. Fed. R. Civ. P. 26(b)(5)(A). Neither the
18  "Email Subject" lines for the two emails ("Projectors" and "RCA Projectors") nor the "Privilege
19  Descriptions" ("Securing/providing legal advice") facially demonstrate that these
20  communications are protected by the attorney-client privilege. The entries also do not illuminate
21  how emails that purportedly secure or provide legal advice also constitute attorney work product
22  under Rule 26(b)(3). *See* Fed. R. Civ. P. 26(b)(3) (For work production protection under Rule
23  26(b)(3) to attach, the document must have been "prepared in anticipation of litigation or for trial
24  by or for another party or by or for that other party's representative (including the other party's
25  attorney, consultant, surety, indemnitor, insurer, or agent)."). *See also Hoot Winc, LLC v. RSM*
26  *McGladrey Fin. Process Outsourcing*, LLC, No. 08CV1559 BTM (WMC), 2009 WL 3857425,
27  at *4 (S.D. Cal. Nov. 16, 2009) ("Plaintiff fails to explain why both the attorney client and work
28  product privileges are applicable to each document submitted for review. More importantly,

15

because work product privilege is claimed for every document, the plaintiff needed to show each document was created in anticipation of litigation.")

As noted above, because Curtis's privilege log is not before the Court, it cannot adjudicate Plaintiff's challenges to the adequacy of the log as a whole and thus cannot grant the Motion to Compel *in totem*. However, the Motion will be granted in part as to the two entries identified in the Joint Statement, and Curtis shall amend those entries to comply with Rule 26(b)(5)(A). Further, to the extent that others of Curtis's privilege log entries suffer from the deficiencies identified above, it behooves Curtis to amend those entries to bring them into compliance with the Rules.

**D.     Plaintiff's Request for Sanctions**

Where, as here, a discovery motion is granted in part and denied in part, the issue of sanctions is governed by Federal Rule of Civil Procedure 37(a)(5)(C), which accords the Court discretion to apportion the reasonable expenses for the motion among the parties in a just manner. Fed. R. Civ. P. 37(a)(5)(C) ("If the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.") Under the circumstances presented, the Court finds that each party should bear its own fees and costs incurred in connection with the Motion to Compel. Accordingly, Plaintiff's request for sanctions (*see* Doc. 60 at 21–22) will be denied.

**E.     Proposed Settlement Conference Dates**

The Joint Statement indicates that "as of March 2020, the parties had made significant progress on a mutually agreeable resolution of this matter" and "with the exception of monetary terms, the parties had agreed on all of the terms of a written settlement agreement that would resolve this case." (Doc. 60 at 10.) In view of this representation, the Court finds that setting a Settlement Conference at this juncture of the case would be appropriate and will direct the parties to propose dates for the Conference, as set forth below.

**IV.     CONCLUSION AND ORDER**

For the reasons set forth above, Plaintiff's Motion to Compel No. 2 (Doc. 59) is GRANTED in part and DENIED in part, as follows:

1. The Motion to Compel further production of documents by Curtis is DENIED without prejudice;

2. The Motion to Compel further a response by Curtis to Plaintiff's Interrogatory No. 2 is GRANTED. **By no later than ten (10) days from the date of this order**, Curtis shall serve an amended answer that specifies (1) the lumens claim(s) appearing on the packaging of model number RPJ104 between August 7, 2018, and August 27, 2019, and (2) the lumens claim(s) appearing on the packaging of model number RPJ116+ between August 7, 2018, and "December 2018";

3. The Motion to Compel further a response by Curtis to Plaintiff's Interrogatory No. 4 is GRANTED. **By no later than ten (10) days from the date of this order**, Curtis shall serve an amended answer that specifies, for each of the images of boxes contained in the five documents identified, the Relevant Product(s) to which the image pertains. Further, to the extent that more than one of the boxes pictured in the documents was or will be used for a single Relevant Product, Curtis's amended answer shall provide the dates on which each box was or will be used during the putative class period;

4. The Motion to Compel further a response by Curtis to Plaintiff's Interrogatory No. 5 is DENIED;

5. The Motion to Compel further a response by Curtis to Plaintiff's Interrogatory No. 7 is GRANTED. **By no later than ten (10) days from the date of this order**, Curtis shall serve an amended response that fully answers, after a reasonable effort, the interrogatory without reference to documents other than CURTIS0000001–44;

6. The Motion to Compel Curtis to amend its Third Amended Responses to Plaintiff's interrogatories to indicate that it is not withholding any documents or information on the basis of its objections is GRANTED in PART. **By no later than ten (10) days from the date of this order**, Curtis shall either (1) serve a declaration signed under penalty of perjury by a corporate officer or director attesting that it is not withholding any information responsive to Plaintiff's interrogatories on the basis of the objections raised in its Third Amended Responses, or (2) if it determines that there is information that has

been withheld, serve amended Third Amended Responses to so state and to specify the nature of the withheld information;

7. The Motion to Compel Curtis to produce an amended privilege log is GRANTED in PART. **By no later than ten (10) days from the date of this order**, Curtis shall serve an amended privilege log that corrects, pursuant to Fed. R. Civ. P. 26(b)(5)(A), the deficiencies identified in the two entries reproduced in the Joint Statement; and

8. Plaintiff's request for sanctions is DENIED.

The Court holds Settlement Conferences on Tuesdays and Thursdays at 10:30 a.m. Counsel are to discuss the advantages of and possibilities for settlement with their respective clients, and each other, and propose a date on which a Settlement Conference will be set. **By no later than January 15, 2021**, the parties shall file a joint statement 1) confirming that they have met and conferred, and 2) setting forth three to four proposed Settlement Conference dates in accordance with the Court's calendar.

IT IS SO ORDERED.

Dated:   **December 15, 2020**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE