# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN SCANLON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CURTIS INTERNATIONAL, LTD.,<br><br>　　　　　Defendant. | Case No. 1:19-cv-00937-NONE-SKO<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED REQUEST TO SEAL DOCUMENTS**<br><br>(Doc. 73) |

　　　　On December 11, 2020, Plaintiff Roman Scanlon submitted a request to seal redacted portions of "Plaintiff's Notice of Motion and Motion for Leave to Amend; Memorandum of Points and Authorities in Support of Leave to Amend" ("Motion to Amend") and exhibit nos. 4–6 to the "Declaration of Seth A. Safier ISO Plaintiff's Motion for Leave to Amend" (collectively, the "Request to Seal").  (Doc. 73.)  Plaintiff's Request to Seal states that these documents "contain information designated as 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY' . . . per the terms of the Stipulated Protective Order."  (Doc. 73 at 2.)  The parties' Stipulated Protective Order provides that, "[w]ithout written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material."[1]  (Doc. 43 at 17.)

　　　　Pursuant to Local Rule 141(b), a request to seal a document "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information."  L.R. 141(b).  "Only if good cause exists may the Court seal the information from public view after balancing 'the needs

---

[1] "Protected Material" is defined as "any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEYS' EYES ONLY."  (Doc. 43 at 4.)

1

for discovery against the need for confidentiality.'"  *Koloff v. Metro. Life Ins. Co.*, No. 113CV02060AWIJLT, 2014 WL 12573330, at *1 (E.D. Cal. July 9, 2014) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. Cal. 2010)).  A party may submit an opposition to a request to seal documents within three days of the date of service of the request.  L.R. 141(c).

Defendant Curtis International, Ltd. has not submitted an opposition to Plaintiff's Request to Seal, and the time to do so has expired.  Plaintiff's Request to Seal is therefore deemed unopposed.  Plaintiff has complied with Local Rule 141, and in view of the documents' designation under the parties' Stipulated Protective Order, to which there has been no challenge (*see* Doc. 43 at 8–9), the Court finds there is good cause to allow Plaintiff to file them under seal.

Accordingly, the Court GRANTS Plaintiff's unopposed Request to Seal (Doc. 73) and ORDERS that the redacted portions of Plaintiff's Motion to Amend and exhibit nos. 4–6 to the "Declaration of Seth A. Safier ISO Plaintiff's Motion for Leave to Amend" be FILED UNDER SEAL in accordance with Local Rule 141(e)(2).

IT IS SO ORDERED.

Dated:   **December 21, 2020**                    /s/ *Sheila K. Oberto*
                                                                     UNITED STATES MAGISTRATE JUDGE